1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| JOE J.W. ROBERTS, JR., | |
|---|---|
| Plaintiff, | Case No. C16-1464-TSZ-JPD |
| v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY AND FOR LEAVE TO AMEND AND GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENA |
| SNOHOMISH COUNTY, *et al*., | |
| Defendants. | |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motions for discovery and for leave to amend his complaint, and on defendants' motion to quash plaintiff's subpoena duces tecum. The Court, having reviewed the pending motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for discovery (Dkt. 24) is DENIED. Plaintiff indicates in his motion that he is seeking discovery of "all evidence" under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. Rule 26(a)(1)(A) is a provision of the federal discovery rules which requires a party to make certain initial disclosures without awaiting a discovery request. However, Rule 26(a)(1)(B)(iv) specifically exempts from the initial disclosure requirement

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY AND FOR LEAVE TO AMEND - 1

actions brought without an attorney by a person in the custody of a state or a state subdivision. Given that plaintiff is unrepresented, and is currently in the custody of the State of Washington, the initial disclosure requirements of Rule 26(a)(1)(A) simply do not apply.  As plaintiff was previously advised, if he wishes to obtain discovery from Snohomish County, or any of the individual defendants, he must direct a discovery request to the appropriate defendant in accordance with the discovery rules set forth in the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 27-36.

(2)   Plaintiff's motion for leave to amend his complaint (Dkt. 26) is DENIED. Plaintiff asks that he be permitted to amend his complaint a second time, asserting that he had insufficient time to properly prepare his first amended complaint which is currently the operative complaint in this action.  However, plaintiff failed to submit with his motion a proposed amended complaint.  A motion to amend must be accompanied by a proposed amended complaint before it will be considered by the Court.  If plaintiff wishes to pursue amendment of his complaint, he may file a new motion to amend and submit in conjunction with that motion a proposed amended complaint which clearly identifies each of the intended defendants, the federal constitutional right(s) allegedly violated by the conduct of each defendant, the facts which he believes support each alleged constitutional violation, and the relief being requested.

(3)   Defendants' motion to quash plaintiff's subpoena duces tecum (Dkt. 31) is GRANTED.  Defendants indicate in their motion that they received a subpoena from plaintiff on December 22, 2016 demanding that specified documents be produced by defendants at plaintiff's current place of incarceration in Connell, Washington on January 2, 2017.  (*See* Dkt. 31 at 1 and Dkt. 32, Ex. A.)  Defendants argue that the subpoena should be quashed because plaintiff

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY AND FOR LEAVE TO AMEND - 2

demanded production of documents at a location that is not within 100 miles of defendants, and because plaintiff has not allowed a reasonable time to comply with the subpoena. Defendants arguments are well taken and do, in fact, require that the subpoena be quashed or modified. *See* Fed. R. Civ. P. 45(d)(3). While the Court could perhaps modify the date by which defendants would be required to comply with the subpoena, it can do nothing about the distance which separates the parties. Moreover, plaintiff has other more appropriate and efficient mechanisms through which he should be able to obtain the desired discovery. *See* Fed. R. Civ. P. 34. Accordingly, the Court deems it appropriate to quash the subpoena.

(4)     The Clerk is directed to send copies of this Order to plaintiff and to the Honorable Thomas S. Zilly.

DATED this 13th day of February, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY AND FOR LEAVE TO AMEND - 3