UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE J.W. ROBERTS, JR.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SNOHOMISH COUNTY, *et al*.,<br><br>　　　　　　　　Defendants. | Case No. C16-1464-TSZ-JPD<br><br>ORDER RE: PLAINTIFF'S PENDING MOTIONS |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motions for an extension of the discovery deadline and for assistance in obtaining DVD evidence. (Dkts. 35 and 37.) Plaintiff has also filed a number of motions alleging misconduct on the part of the Washington Department of Corrections ("DOC") and requesting appointment of counsel. (Dkts. 41, 42, 43 and 44.) Defendants have filed responses addressing all of plaintiff's pending motions. (Dkts. 38, 39 and 48.) The Court, having reviewed plaintiff's motions, defendants' responses, and the balance of the record, hereby finds and ORDERS as follows:

　　　(1)　　Plaintiff's motion for an extension of the discovery deadline (Dkt. 35) is GRANTED in part. Plaintiff, by way of the instant motion, seeks a seven month extension of the

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

discovery deadline. He cites in support of this request the need to make arrangements with the DOC to obtain Snohomish County Jail surveillance footage on DVD. Plaintiff also asserts that the current March 20, 2017 deadline does not allow him sufficient time to submit additional discovery requests to defendants, in particular given delays in being scheduled to use the law library at his current place of confinement, the Coyote Ridge Corrections Center ("CRCC"). Defendants object to any extension of the discovery deadline, arguing that plaintiff has not shown good cause for the requested extension. (*See* Dkt. 39.)

The Court anticipates that issues concerning the DVD evidence will not be finally resolved until the Court has an opportunity to rule on defendants' motion for a protective order which is currently noted for consideration on March 24, 2017. This alone will necessitate at least a slight extension. In addition, plaintiff's recent submissions suggest that he is, in fact, having difficulties gaining access to the law library at CRCC which also justifies an extension of the discovery deadline. However, while these factors do warrant some extension of the existing deadline, they do not justify a seven month extension as requested by plaintiff. Given that plaintiff has already conducted some discovery, and that this issues in this action are not particularly complex, plaintiff should be able to complete any remaining discovery within ninety days from the current deadline. Accordingly, the discovery deadline is extended to ***June 20, 2017***. The dispositive motion filing deadline is extended as well to ***July 20, 2017***.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

(2)     Plaintiff's motion regarding DVD evidence (Dkt. 37) is RENOTED for consideration on *March 24, 2017* so that it may be considered in conjunction with defendants' pending motion for a protective order.[1]

(3)     Plaintiff recently filed a series of motions complaining about alleged misconduct on the part of the DOC and requesting that counsel be appointed to represent him in this matter. (Dkts. 41, 42, 43 and 44.)  These motions are DENIED.

The Court first notes that DOC is not a party to this action and, thus, the Court has no authority to direct its actions.  Any complaints regarding the DOC should be raised through the institutional grievance process at CRCC or, if plaintiff deems it appropriate, in a separate lawsuit.  The Court notes as well that plaintiff's recent series of motions, three of which were filed on February 27, 2017, and one of which was filed on March 3, 2017, were unnecessarily repetitive and required an undue expenditure of time by both defendants and the Court to review and address the submissions.  While plaintiff is entitled to file motions containing legitimate requests for relief, repetitive motions, or motions simply airing grievances concerning plaintiff's current confinement, are not appropriate and will not be entertained.[2]

To the extent plaintiff requests in his recent motions that counsel be appointed to assist him in this matter, the Court notes that it previously denied a similar request from plaintiff.  (*See*

---

[1] Defendants correctly note in their response to plaintiff's most recent series of motions that an additional document concerning the DVD evidence which was identified as a motion by plaintiff (Dkt. 40) is more properly construed as a reply brief in support of plaintiff's original motion (Dkt. 37).  Plaintiff's "Motion: Offering Superintendants [sic] Response/Letter as Proof in Support of Plaintiffs Letter/Motion" (Dkt. 40) is therefore STRICKEN from the Court's motion calendar.

[2] While the Court expects plaintiff to comply with the directive that he refrain from filing repetitive motions in the future, defendants are advised that should plaintiff file subsequent motions that they deem repetitive, they will not be expected to respond to such motions unless expressly directed to do so by the Court.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 3

Dkt. 14.)  As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

The Court previously concluded that plaintiff was not entitled to appointment of counsel in this matter because he had demonstrated an ability to articulate his claims *pro se* and because the legal issues presented in this case are not particularly complex.  Plaintiff asserts in his recent motions that he requires the assistance of counsel to obtain evidence in support of his claims.  He cites specifically to "unique material evidence" which he identifies as an email exchange between himself and the Snohomish County Sheriff's Office regarding his complaints of excessive force.  (*See* Dkt. 42.)  Plaintiff cites as well to a "witness issue" which requires outside assistance because there is a no-contact order protecting plaintiff's alleged "star/material witness," Katrina Woolridge, as part of plaintiff's felony conviction.  (*See* Dkt. 43 at 2-3; Dkt. 44 at 5.)  Plaintiff maintains that Ms. Woolridge can testify to his injuries, including nightmares he suffered as a result of the alleged misconduct by defendants.  (Dkt. 44 at 5.)

Plaintiff has not demonstrated to this Court's satisfaction that the evidence he requires assistance to obtain would, in fact, be necessary, relevant or admissible.  Plaintiff therefore has

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 4

not demonstrated exceptional circumstances which would justify the appointment of counsel at this time.

  (4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Thomas S. Zilly.

  DATED this 14th day of March, 2017.

            /s/ James P. Donohue
            JAMES P. DONOHUE
            Chief United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 5