UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

        Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

        Defendants.

Case No. C16-1464-TSZ-JPD

ORDER RE: PLAINTIFF'S PENDING MOTIONS

      This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motions for leave to amend his complaint, for reconsideration, for an order compelling defendants to release plaintiff's medical records, and for appointment of counsel. Also pending is plaintiff's "motion" notifying the Court of misconduct by the Washington Department of Corrections and requesting relief in the form of appointment of counsel. The Court, having reviewed the pending motions, and the balance of the record, hereby finds and ORDERS as follows:

      (1)    Plaintiff's motion for leave to amend his complaint (Dkt. 56) is GRANTED in part and DENIED in part. Plaintiff, by way of the instant motion, seeks leave to file a second amended complaint in this action. Plaintiff has submitted a proposed second amended complaint

ORDER RE: PLAINTIFF'S PENDING MOTIONS - 1

for the Court's review in which he identifies ten new defendants, and additional claims for relief, including a Public Records Act claim. (*See* Dkt. 56-1.) The proposed new defendants include: Snohomish County Corrections Sergeant Otto; Corrections Deputies E. Moormeier, Chavez, Cook, Ray, Gilfeather, and J. Moormeier; Lt. Stites; Public Records Administrator Beth Taylor; and, Nurse Meader. (*Id*.) Defendants filed a response opposing plaintiff's motion to amend. (Dkt. 57.) However, in their response, defendants specifically object only to the addition of plaintiff's proposed Public Records Act claim and to plaintiff's attempt to join four of the proposed ten new defendants.[1] (*Id*. at 2-3.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). At issue in this case is primarily the futility of some of plaintiff's proposed amendments.

Defendants argue that the addition of the proposed Public Records Act ("PRA") claim would be futile because the statute of limitations has long since elapsed on the presentation of any such claim. (Dkt. 57 at 2-3.) Defendants argue as well that this Court may not have jurisdiction over this state law matter since the events giving rise to the PRA claim are not the same as the events giving rise to plaintiff's § 1983 claims. (*Id*. at 3.)

---

[1] Defendants note in their response that there are several additional defects in plaintiff's proposed second amended complaint which are likely to be subject to future motions to dismiss under either Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure, but which they don't seek to exclude here because of the liberal pleading policy of Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Dkt. 57 at 5.)

ORDER RE: PLAINTIFF'S PENDING MOTIONS - 2

Plaintiff's PRA claim arises out of Snohomish County's denial of plaintiff's request under the PRA, RCW 42.56, for videos and documents related to his move between units at the Snohomish County Jail on May 8, 2015, the event which gives rise to the excessive force claims asserted in this action. (*See* Dkt. 56-1 at 14-15; Dkt. 58 at 5.) RCW 42.56.550 provides that an action seeking judicial review of an agency's denial of a public records request "must be filed within one year of the agency's claim of exemption[.]" Plaintiff's PRA request was denied by Snohomish County Jail Captain Kevin Young on June 5, 2015. (*See* Dkt. 58 at 5, ¶ 5.6.) It therefore appears clear that plaintiff's PRA claim would be barred by the statute of limitations and, thus, allowing plaintiff to add such a claim to this action would be futile.[2]

Defendants argue as well that adding proposed new defendant Beth Taylor as a defendant would be futile because plaintiff's claim against this defendant is solely related to the PRA claim which is not only barred by the statute of limitations, but is also not sufficiently related to the underlying claims to warrant joinder. (*See* Dkt. 57 at 3-4.) Because it appears clear that plaintiff's PRA claim is barred by the statute of limitations, and because Ms. Taylor is implicated only in that claim, the Court agrees that allowing plaintiff to add Ms. Taylor to this action would also be futile.

Defendants argue that plaintiff's attempt to add Captain Daniel Stites to this action is improper because plaintiff fails to explain the legal basis for adding Captain Stites. Plaintiff's only allegation concerning Captain Stites is that plaintiff "asked Stites to preserve all cameras on May 8th 2015." (Dkt. 56-1 at 17.) Plaintiff alleges no facts whatsoever suggesting that Captain Stites personally participated in causing him harm of federal constitutional dimension, a

---

[2] Plaintiff previously attempted to litigate his PRA claim in King County Superior Court, but voluntarily dismissed that claim on June 16, 2016. (*See* Dkt. 58.)

ORDER RE: PLAINTIFF'S PENDING MOTIONS - 3

prerequisite to maintaining an action under § 1983. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) And, to the extent plaintiff might intend to claim that Captain Stites' action violated the PRA, his claim fails for the reasons discussed above with respect to Ms. Taylor.

Finally, defendants argue that plaintiff's attempt to add Corrections Deputy ("C/D") Jean Moormeier to this action is improper because plaintiff fails to properly allege a cause of action against this proposed new defendant. (Dkt. 57 at 4.) Plaintiff alleges in his second amended complaint that C/D J. Moormeier "refused to make a statement and was negligent." (Dkt. 56-1 at 28.) Plaintiff goes on to allege that C/D J. Moormeier violated Snohomish County policy by failing to report the use of force incident, failing to offer plaintiff medical care, and failing to ask if plaintiff wanted to decontaminate. (*See id*.)

A plaintiff's statement of claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's claim against C/D J. Moormeier is vague and conclusory and lacks any specific facts demonstrating that this individual personally participated in causing plaintiff harm of federal constitutional dimension. Plaintiff has therefore failed to adequately allege a cause of action against C/D J. Moormeier.

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is denied with respect to plaintiff's PRA claim, and with respect to the claims asserted against proposed defendants Beth Taylor, Daniel Stites, and Jean Mooremeier. Plaintiff's motion for leave to file a second amended complaint is granted in all other respects. Accordingly, the Clerk

ORDER RE: PLAINTIFF'S PENDING MOTIONS - 4

is directed to file plaintiff's second amended complaint. The Court will issue in conjunction with this Order an Order directing service of plaintiff's second amended complaint on the seven new defendants against whom plaintiff will be permitted to proceed.

(2) In light of the fact that plaintiff has been granted leave to amend his complaint, and that service on new defendants will be necessary, the previous pretrial deadlines established by the Court (*see* Dkt. 51) are STRICKEN, and will be re-set once the new defendants have been served and an answer to plaintiff's second amended complaint has been filed.

(3) Plaintiff's motion for reconsideration (Dkt. 55) is DENIED. It is not entirely clear from a review of plaintiff's motion what the intent of the document is. It appears that plaintiff is attempting to challenge arguments made by defendants in their response to plaintiff's multiple motions regarding the Washington Department of Corrections ("DOC") and appointment of legal counsel (*see* Dkt. 48), as plaintiff asks the Court to reject defendants' arguments and grant his motions. Assuming this is the purpose of plaintiff's motion for reconsideration, plaintiff's motion is moot because the Court has already ruled on the motions at issue.

To the extent plaintiff may be seeking reconsideration of the Court's ruling addressing his prior motions, he has shown no basis for relief. The Court, in its Order of March 14, 2017, denied a series of motions filed by plaintiff complaining about alleged misconduct on the part of the DOC and requesting that counsel be appointed to represent him in this matter. (Dkt. 51.) The Court advised plaintiff that it had no authority to direct the actions of the DOC because the DOC is not a party to this action. (*Id.* at 3.) With respect to plaintiff's requests for appointment of counsel, the Court noted that it had previously denied a similar request and that plaintiff had

ORDER RE: PLAINTIFF'S PENDING MOTIONS - 5

yet to demonstrate exceptional circumstances which would justify the appointment of counsel. (Dkt. 51 at 3-4.)

The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has not demonstrated any error in the Court's prior ruling. While the Court recognizes that there are challenges associated with attempting to litigate an action from the confines of a correctional facility, such challenges are an insufficient reason to appoint counsel. Plaintiff has shown ample ability to litigate this action without the assistance of counsel and, thus, any motion to reconsider the denial of such an appointment must be denied.

(4) Plaintiff's motion for an order compelling defendants to release his medical records (Dkt. 53) is DENIED. In his first set of interrogatories and requests for production, plaintiff asked that defendants produce his medical records from the Snohomish County Jail. (*See* Dkt. 46-1 at 8.) Plaintiff asserts in his motion to compel that defendants objected to this request for production. (Dkt. 53 at 1.) The Federal Rules of Civil Procedure and the Local Rules of this Court require that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. *See* Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1). Plaintiff's motion to compel does not include the requisite certification and the motion must therefore be denied.

(5) Plaintiff's motion for appointment of counsel (Dkt. 50) and plaintiff's "motion" notifying the Court of DOC misconduct and requesting relief in the form of appointment of counsel (Dkt. 52) are STRICKEN as moot. The Court has recently addressed these issues (*see* Dkt. 51), and sees no need to do so again at this juncture.

ORDER RE: PLAINTIFF'S PENDING MOTIONS - 6

1    (6)    The Clerk is directed to send copies of this Order to plaintiff, to counsel for
2  defendants, and to the Honorable Thomas S. Zilly.
3          DATED this 4th day of May, 2017.

*/s/ James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING MOTIONS - 7