1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8   JOE J.W. ROBERTS,

9                        Plaintiff,          Case No. C16-1464-TSZ-JPD

10           v.

11  SNOHOMISH COUNTY, *et al.*,              ORDER GRANTING DEFENDANTS'
                                             MOTION FOR PROTECTIVE ORDER
12                       Defendants.

13

14          This is a civil rights action brought under 42 U.S.C. § 1983.  This matter comes before

15  the Court at the present time on plaintiff's motion regarding CD/DVD evidence and defendants'

16  motion for a protective order under Fed. R. Civ. P. 26(c) concerning that same evidence.  At

17  issue in these motions is video surveillance footage from the Snohomish County Jail requested

18  by plaintiff in discovery.  Plaintiff, in his first set of interrogatories and requests for production,

19  asked that defendants produce all jail surveillance video dated May 8, 2015 showing the incident

20  between plaintiff and defendant Acheampong which resulted in plaintiff being pepper sprayed,

21  tased, handcuffed, and taken to administrative segregation.  (*See* Dkt. 46-1 at 6-7.)

22

23

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 1

After sending his discovery requests to defendants, plaintiff contacted the Court, expressing his concern that Washington Department of Corrections ("DOC") policy prohibits the introduction of CDs or DVDs into DOC facilities, and asking this Court to intervene. (*See* Dkt. 37.) In his original submission on this issue, plaintiff merely asked the Court to review the video surveillance footage dated May 8, 2015. (*Id.*) In a subsequent submission, plaintiff asked that the Court direct defendants to submit the video to the Court, and that the Court then forward the video to plaintiff, as only CDs/DVDs sent by courts will be accepted and retained at DOC facilities. (*See* Dkt. 40.)

Defendants, in their response to plaintiff's motion seeking the Court's intervention with respect to the CD/DVD evidence, argued that the motion should be denied because this Court has no jurisdiction over the DOC in this action and would therefore be unable to provide plaintiff any relief. (Dkt. 38 at 1.) Defendants also indicated that they would attempt to resolve the jail video issue with plaintiff and would file further motions if the parties were unable to come to any agreement. (*Id.* at 1-2.) Defendants subsequently filed the pending motion for protective order in which they relate that after conferring with plaintiff, they were unable to reach any resolution of the jail video issue, at least in part because plaintiff took the position that any copy of the video provided to him in discovery would become his personal property upon his release from prison. (*See* Dkt. 45.)

Pursuant to Fed. R. Civ. Pro. 26(c)(1), a court may, for good cause, issue an order "to protect a party or person from annoyance, embarrassment, or oppression, or undue burden or expense." Defendants argue in their motion for protective order that such an order is necessary in this case because allowing plaintiff to possess a copy of the surveillance video raises serious

security concerns.  (Dkt. 45 at 3.)  The primary concern identified by defendants is the potential for the video to be shared with other offenders or the public in general.[1]  (*Id*.)  Defendants explain that the Snohomish County Jail's video surveillance system is one of its most important tools for maintaining the safety, security, and orderly operations of the facility.  (Dkt. 47 at 2.)  Defendants further explain that while there are several hundred cameras located throughout the facility which can be monitored by staff and which record events on network video recorder, not all cameras are actively monitored, not all cameras record all of the time, and not all fields of view are the same amongst all the cameras in the facility.  (*Id*. at 3.)

Defendants maintain that providing inmates access to recordings of jail surveillance videos would give them specific intelligence information regarding the surveillance and recording capabilities and weaknesses of cameras at locations depicted in the video at issue.  (*Id*.; Dkt. 45 at 4.)  In addition, defendants assert that there is the potential that inmates would be able to determine from the video staff response times, locations from which staff are responding, the length of time it takes to open doors into an area, staffing patterns, specific defense tactics or techniques, and weaknesses and abilities of individual staff members, all of which would undermine the efficacy of the surveillance system.  (*See id*.)

Plaintiff has filed no response to defendants' motion for a protective order.  However, in another submission related to plaintiff's request for the CD/DVD evidence, plaintiff notes that he will not be allowed to keep the DVD in his possession, or upload it to the internet while in

---

[1] Defendants also note that providing plaintiff with a copy of the video raises a security concern because the disc on which the video would be produced could easily be converted to a weapon.  (Dkt. 45 at 3.)  While this is no doubt true, it appears from the parties' submissions that the DOC has procedures in place to address such concerns in the rare instances it permits these types materials into DOC facilities.  (*See* Dkt. 40 at 6.)  This particular security concern is not defendants to advance give that plaintiff is not now in Snohomish County custody.

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 3

prison. (Dkt. 54 at 1.) Plaintiff does indicate, however, that he intends to contact attorneys and news companies, apparently relating to the video, because he intends to "file charges." (*See id*.) While plaintiff, as a private citizen, has no authority to bring charges against any person or entity, the Court is concerned by plaintiff's suggestion that he is likely to distribute the video footage to serve his own purposes even after this case is resolved.

Defendants have detailed legitimate security concerns relating to the potential for such distribution of the requested video footage. Defendants have also proposed a viable alternative to providing plaintiff with a copy of the video which would permit plaintiff to view, but not retain, the video footage. Under defendants' proposal, a Snohomish County Jail representative would take a physical copy of the video to plaintiff at his place of incarceration, and plaintiff would be allowed to view the video and take notes under the supervision of the representative, but the video would then be returned to the possession of the jail. (Dkt. 45 at 3.) Defendants also agree to file a copy of the video under seal with the Court for use in relation to any dispositive motions which might be filed in this case. (*Id*.)

The Court concurs that defendants' proposal provides plaintiff adequate access to the video for purposes of litigating this case, while also mitigating security concerns surrounding disclosure of the video. Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff's motion for production of the video surveillance footage from the Snohomish County Jail dated May 8, 2015 (Dkt. 37) is GRANTED in part.

(2) Defendants' motion for a protective order (Dkt. 45) is also GRANTED. Defendants shall make a copy of the video surveillance footage dated May 8, 2015 available to plaintiff as follows:

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 4

(a) A copy of the video will be made available to plaintiff by a representative of the Snohomish County Jail;

(b) Plaintiff will view the video in a room designated by the Washington State Department of Corrections (DOC) and the facility at which plaintiff is currently confined, such as the law library, and in accordance with applicable policies of the DOC and the facility;

(c) Plaintiff will view the contents of the video, but not retain or possess a copy. Plaintiff will have one (1) day to review the video, which is about six (6) minutes in length. The date for viewing the video will be negotiated by the parties and DOC staff at the facility where plaintiff is currently confined; and

(d) Defendants shall submit a copy of the video to the Court by the dispositive motion filing deadline. The video will be filed with the Court under seal, and will be available to be used by either party in any dispositive motion, or in response to a dispositive motion.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Thomas S. Zilly.

DATED this 4th day of May, 2017.

_James P. Donohue_
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 5