UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

                  Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

                  Defendants.

Case No. C16-1464-TSZ-JPD

ORDER RE: PLAINTIFF'S MOTION FOR AN INDEPENDENT COURT REPORTER AND OTHER PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motions for appointment of an independent court reporter (Dkt. 67), for an order compelling defendants to release all videos of the incident on May 8, 2015 (Dkt. 68), for copies of lost or destroyed legal documents (Dkt. 69), and for reconsideration of the Court's Order denying in part plaintiff's motion for leave to amend his complaint (Dkt. 70). The Court, having reviewed the pending motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for appointment of an independent court reporter (Dkt. 67) is DENIED. Plaintiff asks that the Court provide an impartial court reporter for purposes of his deposition, scheduled for May 17, 2017, because he doesn't trust defendants to produce an

ORDER RE: PLAINTIFF'S MOTION FOR
AN INDEPENDENT COURT REPORTER
AND OTHER PENDING MOTIONS - 1

accurate transcript of the deposition. It is conceivable that this motion is now moot given that the scheduled date for the deposition has now passed. The Court nonetheless addresses the merits of plaintiff's motion in the event that the deposition was postponed for some reason.

Defendants, in their response to plaintiff's motion, make clear that the court reporter who has been retained for purposes of plaintiff's deposition is not an employee of Snohomish County but is, instead, an independent contractor provided by a court reporting service in Olympia, Washington which is in no way affiliated with Snohomish County or the Snohomish County Prosecutor's Office. (*See* Dkt. 72.) Moreover, as defendants correctly note, Fed. R. Civ. P. 30 provides ample protections to address the types of abuses posited by plaintiff in his motion. Plaintiff's motion for appointment of an independent court reporter is frivolous and is therefore rejected.

(2) Plaintiff's motion for an order compelling discovery (Dkt. 68) is DENIED. Plaintiff asks that defendants be directed to comply with a request to produce Snohomish County Jail videos of the incident on May 8, 2015 which gave rise to the claims asserted in this action. The jail video has been the subject of previous motions, including defendants' recent motion for a protective order. Because there is a page missing from plaintiff's motion, the Court cannot discern the precise nature of plaintiff's complaint at this point. However, it appears plaintiff may be arguing that there are multiple videos of the incident in question and not just the single video referenced by defendants in their motion for a protective order. Plaintiff asks that defendants be ordered to produce "any and all" videos of the incident. (*Id*. at 3.)

Defendants have not filed a response to plaintiff's motion so the Court has no way to gauge the accuracy of plaintiff's statements regarding apparent discrepancies in the number of

ORDER RE: PLAINTIFF'S MOTION FOR
AN INDEPENDENT COURT REPORTER
AND OTHER PENDING MOTIONS - 2

reported videos. The Court would be inclined to direct defendants to file a response to the motion but for the fact that the motion appears to be procedurally deficient. Plaintiff's motion to compel was not accompanied by the requisite certification that plaintiff conferred, or attempted to confer, with defendants' counsel regarding the video prior to filing his motion. *See* Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1). Accordingly, plaintiff's motion must be denied, though this denial is without prejudice to plaintiff renewing his motion at a later date with the requisite certification.

(3) Plaintiff's motion re: lost or destroyed legal documents (Dkt. 69) is GRANTED in part. Plaintiff asserts in the instant motion that some of his legal materials were misplaced, or possibly destroyed, when he was transferred from the Washington Corrections Center to the Clallam Bay Corrections Center in April 2017. He asks that the Court send him copies of all of his previously filed motions, and that defendants re-send their discovery requests.

During the pendency of this case, plaintiff has filed numerous motions, many of which were irrelevant to these proceedings and/or redundant. The Court is willing to provide plaintiff copies of a limited number of his previous filings, but sees no purpose in providing plaintiff copies of motions that, arguably, should never have been filed in the first place. Plaintiff may review the docket and provide the Court with a list of the documents he wishes to receive copies of. The Court will review the list and provide copies of documents it deems necessary and appropriate.

With respect to defendants' discovery requests, it would be prudent for defendants to re-send any recent discovery requests which could have been lost when plaintiff was transferred between institutions in mid-April, and the Court so Orders.

ORDER RE: PLAINTIFF'S MOTION FOR
AN INDEPENDENT COURT REPORTER
AND OTHER PENDING MOTIONS - 3

(4) Plaintiff's motion for reconsideration (Dkt. 70) is DENIED. Plaintiff seeks reconsideration of a portion of this Court's May 4, 2017 Order denying plaintiff leave to amend his complaint to add a Public Records Act claim to this action. The Court based its ruling on the fact that any such claim would have been barred by the statute of limitations. (*See* Dkt. 63 at 3.)

Motions for reconsideration are disfavored and will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has not demonstrated any error in the Court's prior ruling. In the Public Records Act claim set forth in plaintiff's proposed second amended complaint, plaintiff alleged that he made a public records request "sometime between May 21st, 2015 and November 19th, 2015" seeking video footage of the May 8, 2015 incident, and was told the video didn't exist. (*See* Dkt. 66 at 15.) Defendants, in their response to plaintiff's motion to amend, submitted evidence demonstrating that plaintiff made his Public Records Act request on May 25, 2015, and that the request was denied on June 5, 2015. (*See* Dkt. 58 at 5.) This Court concluded, based on defendants' evidence, that any Public Records Act claim would be barred by the one year statute of limitations set forth in RCW 42.56.550. (Dkt. 63 at 3.)

Plaintiff asserts in his motion for reconsideration that he sent an email to the Snohomish County Jail Public Records Administrator in October or November of 2015, and that the administrator refused to even acknowledge the request. (*See* Dkt. 70 at 7-8.) Assuming plaintiff did, in fact, submit a duplicate public records request on a date later than that reflected in defendant's evidence, the original rejection of the request would likely still govern the statute of limitations calculation. Plaintiff offers nothing by way of evidence or argument to demonstrate

ORDER RE: PLAINTIFF'S MOTION FOR
AN INDEPENDENT COURT REPORTER
AND OTHER PENDING MOTIONS - 4

that the Court's rejection of his attempt to add a Public Records Act claim to this action was erroneous and, thus, his motion for reconsideration is properly denied.

(5) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Thomas S. Zilly.

DATED this 19th day of May, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER RE: PLAINTIFF'S MOTION FOR
AN INDEPENDENT COURT REPORTER
AND OTHER PENDING MOTIONS - 5