UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

                  Plaintiff,

    v.

SNOHOMISH COUNTY, *et al*.,

                  Defendants.

Case No. C16-1464-TSZ-JPD

ORDER DENYING PLAINTIFF'S
MOTION RE: WITNESS ISSUES

      This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion regarding witness issues which is, in essence, a request for the Court to reconsider its denial of plaintiff's previous requests for appointment of counsel. Plaintiff asserts in his motion that he suffers from mental health disabilities which prevent him from effectively litigating this action. (*See* Dkt. 91.) He maintains that because of his mental health issues, he struggles with complexities such as arranging for witnesses and gathering statements or other evidence to support his claims. (*Id*. at 2.) Plaintiff also maintains, as he has in past submissions, that his incarceration also severely hinders his ability to arrange

ORDER DENYING PLAINTIFF'S
MOTION RE: WITNESS ISSUES - 1

for witnesses and gather evidence. (Dkt. 91 at 2.) Plaintiff asserts that these impediments to effectively litigating this action violate his right to due process, and he asks that the Court reconsider its previous denials of his requests for appointment of counsel. (*Id*. at 4.)

Plaintiff's due process rights are simply not implicated by the Court's denials of his prior requests for counsel. As plaintiff has previously been advised, there is no constitutional right to counsel for claims brought under § 1983. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)). Even if the Court were to construe plaintiff's argument as one akin to a claim of denial of access to the court, plaintiff still fails to demonstrate any entitlement to the assistance of counsel.

It is well established that inmates have a constitutional right of meaningful access to the courts which is premised on the Due Process Clause. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Ninth Circuit has "traditionally differentiated between two types of access to court claims: those involving prisoners' right[s] to *affirmative* assistance and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di* Vittorio, 658 F. 3d 1090, 1102 (9th Cir. 2011) (emphasis in source), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015). The instant action involves, at most, plaintiff's right to affirmative assistance. In such circumstances, the right of access to the courts is limited to the pleading stage. *See id*. at 1103 (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996)). This action is well past the pleading stage and, thus, any right to affirmative assistance has expired.

Plaintiff has simply not established any violation of his due process rights arising out of the Court's denials of his prior requests for counsel. The Court also notes, in light of the

ORDER DENYING PLAINTIFF'S
MOTION RE: WITNESS ISSUES - 2

arguments presented in the instant motion, that plaintiff has still not demonstrated the existence of exceptional circumstances which warrant appointment of counsel under 28 U.S.C. § 1915(e)(1).

Based on the foregoing, this Court ORDERS as follows:

(1) Plaintiff's motion regarding witness issues (Dkt. 91) is DENIED.

(2) The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Thomas S. Zilly.

DATED this 10th day of August, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge