UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

                Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

                Defendants.

Case No. C16-1464-TSZ-JPD

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND RE-NOTING DEFENDANTS' SUMMARY JUDGMENT MOTION

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for reconsideration of this Court's prior Order denying his motion regarding witness issues, and on plaintiff's motion to stay or dismiss defendants' pending summary judgment motion. The Court, having considered plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for reconsideration (Dkt. 103) is DENIED. Plaintiff seeks reconsideration of this Court's August 10, 2017 Order denying his motion regarding witness issues. (Dkt. 96.) In that motion, plaintiff detailed a number of impediments he faced in attempting to effectively litigate this action, asserted that those impediments violated his right to due process, and asked that the Court reconsider its previous denials of his requests for

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION - 1

appointment of counsel. (*See* Dkt. 91.) The Court denied plaintiff's motion, concluding that he had not established any violation of his due process rights arising out of the Court's denials of his prior requests for counsel, and he had not demonstrated the existence of exceptional circumstances sufficient to warrant the appointment of counsel. (Dkt. 96.)

The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has not demonstrated any error in the Court's prior ruling, nor has he identified new facts or legal authority which would justify a different result. Plaintiff largely reiterates in the instant motion arguments made in support of his multiple prior requests for appointment of counsel. While plaintiff places particular emphasis this time on the challenges presented by his mental health issues, the fact remains that the Court has considered these arguments previously and has concluded that plaintiff's circumstances do not warrant the appointment of counsel. As the Court has previously noted, plaintiff has shown ample ability to litigate this action without the assistance of counsel and, thus, any motion to reconsider the denial of appointment of counsel must be denied.

(2) Plaintiff's motion to stay or dismiss defendant's summary judgment motion (Dkt. 104) is GRANTED in part. Plaintiff asserts in his motion that the Washington Department of Corrections has denied him access to his legal work which has prevented him from properly researching and participating in this litigation. (*See id*. at 2-3.) Plaintiff also asserts that there is discovery he has yet to receive from defendants and that he has yet to finish discovery. (*See id*. at 5.) Defendants object to plaintiff's motion to stay, arguing that plaintiff has intentionally refused

discovery when presented to him, and has failed to show that he has not had adequate time to obtain discovery or has diligently attempted to obtain discovery. (*See* Dkt. 105 at 1.)

To the extent plaintiff asserts that he has not yet finished discovery, he has not established any entitlement to relief. The discovery deadline in this matter is October 13, 2017. Any discovery which has not yet been initiated will not be permitted as the discovery deadline has already been extended twice in this matter, and plaintiff has not shown good cause for yet another extension. (*See* Dkts. 25, 51, 63 and 93.)

To the extent plaintiff complains about discovery which he has requested but has not yet received, it appears that plaintiff is referring to 3000 pages of materials which were compiled by defendants in response to plaintiff's second set of discovery requests. Those materials were sent to plaintiff on a DVD in June 2017, but the mail was rejected by the Washington State Penitentiary (WSP) mailroom because it contained an unauthorized CD and was ultimately returned to defendants.[1] (*See* Dkt. 108-1 at 32-41.) Defendants declined plaintiff's request to print the 3000 pages of documents and mail them to him, but offered to send the DVD containing the documents to a representative designated by plaintiff who could make arrangements to print the documents of interest. (*See* Dkt. 106 at 2; Dkt. 106-2.) Plaintiff apparently never designated any such representative. (Dkt. 106 at 3.)

According to defendants, the documents responsive to plaintiff's second discovery requests consist almost entirely of the personnel files of the individually named defendants, prior personnel complaints made against defendants (none of which include an allegation of excessive

---

[1] Pursuant to Washington Department of Corrections policy, plaintiff is precluded from receiving unauthorized CDs. (*See* Dkt. 108-1 at 34.) In addition, WSP apparently precludes inmates from accessing a computer that can play DVDs. (Dkt. 106-2.)

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION - 3

force), and docket reports of previous excessive force lawsuits against Snohomish County. (*See* Dkt. 106 at 2.) Also included in those discovery responses are three pages of plaintiff's Snohomish County Jail visitation log which show the visits by Katrina Woolridge, and a brief demonstration video of the OC canister used by defendant Acheampong in the incident at issue here which shows that the OC spray is reddish-orange in color and not clear. (*Id.* at 2-3.) Plaintiff has not demonstrated that any of these materials are likely to affect the outcome of summary judgment and it would therefore serve no purpose to allow plaintiff additional time to respond to the pending summary judgment motion based on their absence. This is particularly so where defendants have provided plaintiff an option for obtaining the materials, but plaintiff has made no attempt to avail himself of this option.

Of greatest concern to the Court is plaintiff's representation that he has not had access to his personal legal materials for much of the time he has been in Washington Department of Corrections custody. (*See* Dkt. 104 at 2-4.) Plaintiff has produced evidence demonstrating that he has been persistent in attempting to locate and gain access to those materials, and that at least some of the materials were not made available to him until after the time for him to respond to defendants' summary judgment motion had passed. (*See* Dkt. 104 at 3, 28-35; Dkt. 108-1 at 1-30.) The Court acknowledges that plaintiff's motion to stay defendants' summary judgment contains a lengthy section in which he alleges factual discrepancies between his version of events and defendants' evidence, similar to what might be included in a typical response to a summary judgment motion. However, the Court is not satisfied that plaintiff has had a full and fair opportunity to respond to defendants' motion given his lack of access to his personal legal materials which, according to plaintiff, contain research notes, case law, and some discovery.

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION - 4

(*See* Dkt. 104 at 2-4.) The Court therefore deems it appropriate to re-note defendants' summary judgment motion to allow plaintiff additional time to respond.

(3) Accordingly, defendants' motion for summary judgment (Dkt. 99) is RE-NOTED on the Court's calendar for consideration on **December 1, 2017**. Plaintiff's response to defendants' motion is therefore due not later than **November 27, 2017**. Plaintiff is advised that no further extensions will be granted and that the Court will not entertain any further requests for additional discovery or appointment of counsel.

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Thomas S. Zilly.

DATED this 6th day of December, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge