UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

    Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

    Defendants.

Case No. C16-1464-TSZ-JPD

ORDER DENYING PLAINTIFF'S MOTIONS TO HOLD DEFENDANTS IN CONTEMPT AND TO APPOINT COUNSEL

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion to hold defendants in contempt for lying under oath and on plaintiff's motion to appoint counsel under the Americans with Disabilities Act. Defendants have filed responses to both motions. The Court, having reviewed plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

    (1)    Plaintiff's motion to hold defendants in contempt for lying under oath (Dkt. 124) is DENIED. Plaintiff's motion is somewhat difficult to understand, but he appears to suggest that defendants should be held in contempt because they have submitted documents in this action which are contrary to the version of events which plaintiff has set forth in his various pleadings.

ORDER DENYING PLAINTIFF'S MOTIONS
TO APPOINT COUNSEL AND TO HOLD
DEFENDANTS IN CONTEMPT - 1

Plaintiff does not identify specific excerpts from the documents which he believes are inaccurate or objectionable, nor does he offer any evidence of perjury. Plaintiff's motion simply lacks sufficient specificity to demonstrate any entitlement to relief, and the motion must therefore be denied.

(2) Plaintiff's motion for appointment of counsel under the Americans with Disabilities Act (Dkt. 129) is DENIED. Plaintiff has asked the Court to appoint counsel multiple times during the pendency of this action, and on each occasion plaintiff's request for counsel has been denied. (*See* Dkts. 14, 51, 63, 96, 110.) Plaintiff now argues that he is entitled to appointment of counsel under Title II of the Americans with Disabilities Act ("ADA") because he has been diagnosed with various mental disorders which preclude him from effectively litigating this action. However, plaintiff makes no showing that the ADA applies in this context.[1] Moreover, the Court his previously considered, and rejected, plaintiff's argument that his alleged mental health disabilities warrant the appointment of counsel, and nothing in the instant motion demonstrates that the Court's prior ruling was erroneous. (*See* Dkts. 91, 96, 110.) Finally, the Court notes that it has now issued a Report and Recommendation in this matter recommending that defendants' motion for summary judgment be granted. It is thus the view of this Court that plaintiff is not likely to succeed on the merits of his claims. In sum, plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel, and the instant motion must therefore be denied.

---

[1] Title II of the ADA applies to all services, programs and activities of public entities. 42 U.S.C. § 12131. However, the definition of public entity does not include the federal government. *Id*.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable Thomas S. Zilly.

DATED this 12th day of February, 2018.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS
TO APPOINT COUNSEL AND TO HOLD
DEFENDANTS IN CONTEMPT - 3